# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CENGAGE LEARNING, INC., and PEARSON EDUCATION, INC. ) ) ) Plaintiffs, ) ) v. ) ) MICHAEL R. CHIZMAR, and CAMPUS ) BOOKSTORE, INC. ) ) Defendants. ) | Civil Action No. 14-368<br>Judge Nora Barry Fischer |

## MEMORANDUM ORDER

This action arises out of a dispute between Plaintiffs Cengage Learning, Inc. ("Cengage") and Pearson Education, Inc. ("Pearson"), and Defendants Michael R. Chizmar ("Chizmar"), and Campus Bookstore, Inc. ("Campus Bookstore"), over alleged copyright and trademark infringement, trademark counterfeiting, and trafficking in counterfeit documentation. (Docket No. 1). Presently before the Court is Defendants' Motion to Dismiss for failure to state a claim under Rule 12(b)(6). (Docket No. 10). This matter has been fully briefed, and the parties have rested on their briefs. (Docket Nos. 10, 12, 13, 14). Upon consideration of the parties' positions and after evaluating the averments in Plaintiffs' Complaint, (Docket No. [10]), and considering the relevant legal standard on a motion to dismiss under Rule 12(b)(6), *see e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010), Defendants' Motion to Dismiss [10] is DENIED.

To the extent that Defendants seek dismissal of the Complaint under Rule 12(b)(6), assuming the facts pled by Plaintiffs are true, and resolving all reasonable inferences in their favor, the Court finds that Plaintiffs have set forth sufficient facts to survive a motion to dismiss. (*See* Docket No. 1). Defendants contend that Plaintiffs cannot establish that Defendants knew of

the allegedly infringing activity or trademarks. (Docket No. 11). Plaintiffs, however, have alleged that Defendants knew or were willfully blind concerning the counterfeit nature of the purportedly pirated books because the books contain Plaintiffs' unauthorized marks, and Defendants apparently purchased them from unknown overseas sources or internet sellers at below-market prices. (Docket No. 13 at 13). Plaintiffs maintain that Defendants evaded legitimate sources and paid materially lower prices than the prices quoted by legitimate wholesalers, which should have put Defendants on notice as to their counterfeit nature. (Docket No. 13 at 13). Assuming these allegations to be true, Plaintiffs have pled plausible claims, although they may be revisited on summary judgment. *See Wicks v. Milzoco Builders, Inc.*, 470 A.2d 86, 91 (Pa. 1983) (internal citations omitted) ("It may later become apparent, from undisputed facts that appellees are entitled to summary judgment or even judgment on the pleadings. However, considering the stringent standards our Court has developed for sustaining a demurrer, appellants should not have been put out of court on these complaints.").

The parties also dispute the extent to which Chizmar acted in an individual capacity with respect to the purchase and sale of the purportedly pirated books. (Docket No. 10). In *Donsco, Inc. v. Casper Corp.*, however, the Third Circuit held that "[a] corporate officer is individually liable for the torts he personally commits and cannot shield himself behind a corporation when he is an actual participant in the tort." *Donsco, Inc. v. Casper Corp.*, 587 F.2d 602, 606 (3d Cir. 1978). "The fact that an officer is acting for a corporation also may make the corporation vicariously or secondarily liable under the doctrine of respondeat superior; it does not however relieve the individual of his responsibility." *Id.* "This principle applies where the conduct constitutes unfair competition." *Id.* The Third Circuit further explained:

> Casper Pinsker is liable as a participant in a wrongful act. This liability is distinct from the liability resulting from the 'piercing of

> the corporate veil' as that term is commonly used. The effect of piercing a corporate veil is to hold the owner liable. The rationale for piercing the corporate veil is that the corporation is something less than a bona fide independent entity. Pinsker is liable here as an actor rather than as an owner. His liability is in no way dependent on a finding that Casper Corporation is inadequately capitalized, that the corporation is a mere alter ego of Pinsker, that the corporate form is being used to perpetrate a fraud, or that corporate formalities have not been properly complied with.

*Id.* *Donsco* holds, therefore, that if a corporate officer "authorized and approved the acts of unfair competition which are the basis of [the corporation's liability] … [t]his is sufficient actual participation in the wrongful acts to make [the officer] individually liable." *Id.*

Here, Plaintiffs' allege that Chizmar purchased and sold in an individual capacity the purportedly pirated books at below market prices to MBS, among other vendors. (Docket No. 13 at 15). Assuming the truth of these allegations, Plaintiffs have pled plausible claims that Chizmar knew or was willfully blind as to the counterfeit nature of the allegedly pirated books. *See Donsco, Inc.*, 587 F.2d at 606; *see also Wicks*, 470 A.2d at 90 (citing *Donsco, Inc. v. Casper Corp.*, 587 F.2d 602, 606 (3d Cir.1978)) ("Under the participation theory, the court imposes liability on the individual as an actor rather than as an owner. Such liability is not predicated on a finding that the corporation is a sham and a mere alter ego of the individual corporate officer. Instead, liability attaches where the record establishes the individual's participation in the tortious activity."). Accordingly, Defendants' Motion to Dismiss as to Chizmar's individual liability is denied.

Based on the foregoing,

    IT IS HEREBY ORDERED that Defendants' Motion to Dismiss [10] is DENIED.

    IT IS FURTHER ORDERED that Defendants shall file an Answer within fourteen (14) days of this order, i.e., by August 7, 2014.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date:   July 24, 2014

cc/ecf:  All counsel of record